UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOT A. RUNDELL,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　Defendant. | Case No. CV 17-0010-KK<br><br><br>MEMORANDUM AND ORDER |

Plaintiff Scot A. Rundell ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title XVI Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I.

## **PROCEDURAL HISTORY**

On October 11, 2013, Plaintiff filed an application for SSI, alleging a disability onset date of August 1, 2008. Administrative Record ("AR") at 137-42. Plaintiff's

application was denied initially on February 19, 2014, and upon reconsideration on May 14, 2014. Id. at 59, 71, 86-88, 92-97.

On June 19, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 98-100. On April 20, 2015, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 43-53. A vocational expert ("VE") also testified at the hearing. Id. at 51-53. On May 19, 2015, the ALJ issued a decision denying Plaintiff's application for SSI. Id. at 25-42.

On May 29, 2015, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 14-24. On November 7, 2016, the Appeals Council denied Plaintiff's request for review. Id. at 1-6.

On January 3, 2017, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed August 10, 2017. Dkt. 17, JS.

## II.

## **PLAINTIFF'S BACKGROUND**

Plaintiff was born on January 15, 1963, and his alleged disability onset date is August 1, 2008. AR at 137. He was forty-five years old on the alleged disability onset date and fifty-two years old at the time of the hearing before the ALJ. Id. at 43, 137. Plaintiff has completed high school and has work experience as a plumber. Id. at 165-66. Plaintiff alleges disability based on high blood pressure, arthritis in hands and knees, short breath, "status post heart attack," rheumatoid arthritis, and gout. Id. at 163.

## III.

## **STANDARD FOR EVALUATING DISABILITY**

To qualify for SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir.

2

1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A.  STEP ONE**

At step one, the ALJ found Plaintiff has not engaged "in substantial gainful activity since October 9, 2013, the application date." AR at 30.

**B.  STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: heart disease, lipoma, arthritis of the right knee, and obesity (20 CFR 416.920(c))." Id.

**C.  STEP THREE**

At step three, the ALJ found Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Id.

**D.  RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:
> to perform light work as defined in 20 CFR 416.9667(b) and the following limitations: he can lift no more than 20 pounds occasionally and 10 pounds frequently; he can stand and walk for six hours; he can sit for six hours; push/pull in the right lower extremity is limited to occasional due to osteoarthritis of the right knee; he can climb ramps and stairs occasionally but no ladders, ropes, or scaffolding; he can balance, stoop, kneel, crouch, and crawl occasionally; he is to avoid

4

| | |
|---|---|
| 1 |     even moderate exposure to temperature extremes, and avoid |
| 2 |     concentrated exposure to fumes, odors, dusts, gasses, and poor |
| 3 |     ventilation, and he is also restricted from more than concentrated |
| 4 |     exposure to hazards such as machinery and heights, and so forth. |

Id. at 31.

**E.  STEP FOUR**

At step four, the ALJ found Plaintiff is "unable to perform any past relevant work (20 CFC 416.965)." Id. at 35.

**F.  STEP FIVE**

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFC 416.969 and 416.969(a))." Id. at 36.

## V.
## PLAINTIFF'S CLAIMS

Plaintiff presents three disputed issues: (1) whether the ALJ committed legal error in not adequately assessing Plaintiff's testimony regarding his pain and limitations; (2) whether the ALJ failed to properly consider the opinion of Dr. Lloyd Costello; and (3) whether the ALJ improperly considered the judicial determination from Medi-Cal by the Honorable Margaret L. Melvin, Administrative Law Judge. JS at 2.

The Court finds the second issue dispositive of this matter and thus declines to address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

///
///
///

# VI.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720 (citation omitted); see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific quantum of supporting evidence'") (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which [s]he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885 (citation omitted).

# VII.

# DISCUSSION

# THE ALJ FAILED TO PROPERLY CONSIDER THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN, DR. COSTELLO

A. **RELEVANT FACTS**

 1. **Dr. Lloyd Costello's Opinion**

Dr. Lloyd Costello is a Family Medicine doctor who has been treating Plaintiff since November 2013. AR at 270. Dr. Costello has treated Plaintiff for a variety of issues including knee pain, sleep apnea, neck masses, eye pain, and coronary atherosclerosis disease. Id. at 258, 261, 270, 272, 275, 286.

With respect to Plaintiff's knee pain, on November 21, 2013, Dr. Costello observed Plaintiff reported having pain in his right knee from an injury that occurred twenty-five years prior and, as a result, Plaintiff wears a knee brace for support. Id. Plaintiff indicated his pain level, at its worst, is an eight out of ten, but ibuprofen provides minor relief. Id.

On December 2, 2013, x-rays of Plaintiff's right knee were taken. Id. at 265. The x-rays revealed "[t]here are moderate osteoarthritic changes above the right knee," as well as "mild demineralization." Id. On March 10, 2014, Dr. Lloyd noted the results of Plaintiff's knee x-rays and referred Plaintiff to an orthopedist for "evaluation of the knee pain." Id.

On July 29, 2014, Plaintiff had another appointment with Dr. Lloyd. Id. at 286-87. Dr. Lloyd noted Plaintiff continued to complain about knee pain and presented with "abnormal gait and station." Id. Dr. Lloyd's notes additionally indicate Plaintiff had two appointments with an orthopedist, in which Plaintiff was told he needed knee replacement surgery on his right knee. Id.; see also id. at 319-20. Notes from Plaintiff's orthopedic appointment on May 15, 2014, indicate Plaintiff has "moderately advanced arthritis" in his right knee and, in addition to surgery, could benefit from a walking aid. Id. at 320.

On May 4, 2015, Dr. Costello completed a fatigue questionnaire on behalf of Plaintiff. Id. at 322-26. In the questionnaire, Dr. Costello noted Plaintiff suffered from coronary artery disease, hypertension, gastrointestinal reflux, knee pain, cervical disc disease, and headaches. Id. at 322. Dr. Costello concluded, because of Plaintiff's medical issues, he was limited to sitting for four hours in an eight-hour workday; standing/walking for two hours in an eight-hour workday; and sitting for four hours, standing for two hours, and walking for one hour at a time without interruption. Id. at 323.

### 2. The ALJ's Opinion

In making his RFC determination, the ALJ considered three medical opinions: Dr. Lloyd Costello, Plaintiff's treating physician, who issued an opinion on May 4, 2015; Dr. Homayoon Moghbeli, a state medical consultant, who issued an opinion on February 19, 2014; and Dr. A. Resnik, a state medical consultant, who issued an opinion on May 14, 2014. Id. at 34-35, 60-70, 72-81, 322-26. The ALJ ultimately gave the state medical consultants' opinions "significant [weight] because they reviewed [Plaintiff's] records, they are familiar with the Social Security Administration's precise disability guidelines, and their opinions are consistent with the medical record as a whole, which documents [Plaintiff's] heart disease with improvement and normal findings after stenting, and little treatment for the right knee except using a brace and medication and little treatment for the neck." Id. at 34.

As to Dr. Costello, the ALJ gave Dr. Costello's opinion little weight "because it is not consistent with the medical evidence record as a whole, which shows [Plaintiff's] heart disease with improvement and normal findings after stenting, and little treatment for the right knee except using a brace and medication and little treatment for the neck." Id. at 35. Additionally, the ALJ noted Dr. Costello's opinion was afforded little weight "because it is a check-the-box-form

that relies on the subjective complaints and not the medical evidence record as a whole, including the treatment history." Id.

In evaluating the three physicians' RFC determinations, the ALJ noted Dr. Moghbeli found, in relevant part: "[Plaintiff] can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; he can sit (with normal breaks) for a total of about six hours in an eight-hour work day." Id. The ALJ noted Dr. Resnik found, in relevant part: "[Plaintiff] can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; he can sit (with normal breaks) for a total of about six hours in an eight-hour workday." Id. In contrast, the ALJ noted Dr. Costello found, in relevant part: Plaintiff can "sit for four hours total in an eight-hour workday, four hours at a time; stand/walk for two hours total in an eight-hour workday, standing two hours at a time and walking one hour at a time." Id. at 35. Based on the medical evidence, the ALJ ultimately concluded Plaintiff had the capacity to, in relevant part, "stand and walk for six hours" and "sit for six hours." Id. at 31.

**B.  APPLICABLE LAW**

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. §§ 404.1502, 404.1527. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996); Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citing Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)); Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222 (9th Cir. 2010).

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008)

(citation and internal quotation marks omitted); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164 (citation and internal quotation marks omitted); Ryan, 528 F.3d at 1198; Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014); Garrison, 759 F.3d at 1012. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." Reddick, 157 F.3d at 725. The ALJ "must set forth [her] own interpretations and explain why they, rather than the [treating or examining] doctors', are correct." Id.

While an ALJ is not required to discuss all the evidence presented, he must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). Moreover, an ALJ must consider all of the relevant evidence in the record and may not point to only those portions of the records that bolster [her] findings. See, e.g., Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others). Lastly, while an ALJ is "not bound by an expert medical opinion on the ultimate question of disability," if the ALJ rejects an expert medical opinion's ultimate finding on disability, [s]he "must provide 'specific and legitimate' reasons for rejecting the opinion." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Lester, 81 F.3d at 830-31). An ALJ is not precluded from relying upon a physician's medical findings, even if she refuses to accept the physician's ultimate finding on disability. See, e.g., Magallanes v. Bowen, 881 F.2d 747, 754 (9th Cir. 1989).

When making a disability determination, the ALJ has a "special duty to fully and fairly develop the record and to assure that the [plaintiff's] interests are

considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quotation marks omitted)). Moreover, "[a] specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2010). "When the ALJ's duty is triggered by inadequate or ambiguous medical evidence, the ALJ has an obligation to obtain additional medical reports or records from the claimant's treating physicians." Held v. Colvin, 82 F. Supp. 3d 1033, 1040 (N.D. Cal. 2015).

**C.  ANALYSIS**

Here, the ALJ improperly rejected Dr. Costello's opinion that Plaintiff only had the capacity to stand and walk for two hours and to sit for four hours out of an eight-hour workday. The ALJ provided two reasons for rejecting Dr. Costello's opinion: (1) the opinion is not consistent with the medical evidence record as a whole; and (2) the opinion was based on a check-the-box form that relied on Plaintiff's subjective complaints as opposed to the medical evidence record as a whole. AR at 35. As detailed below, the ALJ's reasons for rejecting Dr. Costello's opinions in favor of the findings of Drs. Moghbeli and Resnik were not "specific and legitimate reasons . . . supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164.

As a preliminary matter, Dr. Costello was the only treating physician opinion the ALJ considered out of the three physicians he relied upon. As Plaintiff's treating physician, Dr. Costello's opinion should be "given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

In addition, Dr. Costello's opinion was the only opinion based on Plaintiff's most recent medical evidence. See Lester, 81 F.3d at 833 (9th Cir. 1995), as amended (Apr. 9, 1996) (holding a later opinion "based on a more complete evaluation" of plaintiff's impairments should be accorded greater weight). Dr. Costello's opinion was provided on May 4, 2015. Id. at 320, 322-26. In contrast, the opinions of Drs. Moghbeli and A. Resnik, the two non-treating state medical consultants upon whom the ALJ relied, were based on medical records through February 29, 2014 and May 14, 2014, respectively. See id. at 70, 81. Notably, Plaintiff's surgical and assistive device recommendation from the referral orthopedist was issued on May 15, 2014 – before Dr. Costello's opinion, but after the date of the records the non-treating state medical consultants reviewed. See id. at 70, 81, 320, 326.

As to the ALJ's reasons for giving Dr. Costello's opinion little weight, the ALJ first relied upon his finding that Dr. Costello's opinion was not consistent with the medical evidence record as a whole. Id. at 35. However, Dr. Costello's opinion that Plaintiff was limited in his ability to walk, sit, and stand was not inconsistent with the record. As discussed above, Plaintiff had a history of knee pain complaints, which included an x-ray diagnosis of "moderate osteoarthritic changes above the right knee," as well as "mild demineralization." AR at 265. Dr. Costello additionally observed Plaintiff walked with a knee brace and presented with "abnormal gait and station." Id. at 286-87. Lastly, Plaintiff's orthopedist noted Plaintiff could benefit from an assistive walking device and also needed a full surgical replacement of his right knee. Id. at 320. In light of this record regarding Plaintiff's knee pain and its effect on his ability to walk, the ALJ's finding that Dr. Costello's opinion was not consistent with the medical evidence does not, alone, constitute a sufficient reason for rejecting Dr. Costello's findings.

The ALJ also gave Dr. Costello's opinion little weight because it was based on a "check-the-box form that relies on [Plaintiff's] subjective complaints and not

the medical evidence record as a whole." Id. at 35. However, as discussed above, the medical record includes evidence to support a finding that Plaintiff suffered from knee pain that affected his ability to walk. Furthermore, an ALJ is "not entitled to reject the responses of a treating physician without [sufficient] reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." Trevizo v. Berryhill, 862 F.3d 987, 999 (9th Cir. 2017) ("[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments.").

As discussed, the ALJ's reasons for rejecting Dr. Costello's opinion regarding limitations on Plaintiff's ability to sit, stand, and walk do not constitute specific and legitimate reasons supported by substantial evidence in the record. Thus, in the absence of further reasons for rejecting Dr. Costello's opinion in favor of those of the state medical consultants, the ALJ's decision to reject Dr. Costello's opinion was improper.

## VIII.
## RELIEF

### A.   APPLICABLE LAW

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill, 698 F.3d at 1162 (citation omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Id. (citation omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly

evaluated." Id. (citations omitted); see also Reddick, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

**B.  ANALYSIS**

In this case, the record has not been fully developed. The ALJ failed to properly consider Plaintiff's treating physician's medical opinions regarding Plaintiff's limitations in his ability to sit, stand, and walk. Accordingly, remand for further proceedings is appropriate.

## IX.
## CONCLUSION

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: August 30, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge